NICHOLAS J. BOOS (SBN 16047)
nboos@maynardcooper.com
MAYNARD COOPER & GALE LLP
Two Embarcadero Center, Suite 1450
San Francisco, California 94111
Telephone:   (415) 646-4700
Facsimile:   (205) 254-1999

Attorneys for Defendant
LIBERTY MUTUAL INSURANCE COMPANY

Designation for Service Only:
Kristol Bradley Ginapp, (SBN 8468)
Holley Driggs
300 S. 4th Street, Suite 1600
Las Vegas, Nevada 89101
kginapp@nevadafirm.com

CHRISTIAN N. GRIFFIN, ESQ. (SBN 10601)
HALE INJURY LAW
1661 W. Horizon Ridge Parkway, Suite 200
Henderson, Nevada 89012
Phone: (702) 736-5800
Fax: (701) 534-4655
cgriffin@haleinjurylaw.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BRIAN DOLCE; *et al.*,<br><br>                    Plaintiff,<br><br>         v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, *et al.*,<br><br>                    Defendants. | Case No. 2:22-cv-1434-RFB-NJK<br><br>**JOINT MOTION FOR EXTENSION OF TIME (RENEWED SECOND REQUEST)** |

**JOINT MOTION FOR EXTENSION OF TIME**

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure and Local Rule 26-3, Defendant Liberty Mutual Insurance Company ("Defendant") and Plaintiffs Brian Dolce, et al. (collectively "Plaintiffs") (collectively, Defendant and Plaintiffs are referred to as "the Parties"), jointly move the Court for an order extending the deadlines set by the Court by 60 days. Docket

No. 17. This is the Parties' renewed second motion to extend the deadlines at issue. Docket Nos. 14, 17, 18. In support thereof, the Parties state as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

Though they have engaged in discovery to date, the Parties cannot reasonably meet the current deadlines. This case requires the disclosure of sensitive information, obtaining documents from third parties, expert evaluations, and a number of in-person discovery matters. The Parties have been and continue to diligently work through these issues but expert and fact discovery cannot be completed in the currently set timeframe. The Parties respectfully submit that good cause exists to extend the deadlines set by the Court by 60 days.

### I.  LEGAL STANDARDS

"A request to extend deadlines in the Court's scheduling order must be supported by a showing of good cause for the extension." *Victor v. Walmart, Inc.*, No. 220CV01591JCMNJK, 2021 WL 3745190, at *2 (D. Nev. Apr. 8, 2021). The "good cause" standard applies under both Federal Rule of Civil Procedure 16(b) and Local Rule 26-3. *Id*. at n. 3. "'Good cause' is a non-rigorous standard . . . ." *Choate v. Nevada Att'y Gen.*, No. 216CV00813RFBGWF, 2021 WL 230048, at *1 (D. Nev. Jan. 22, 2021) (quoting *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010)). "Good cause to extend a discovery deadline exists 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Victor*, 2021 WL 3745190, at *2 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)). "The good cause inquiry focuses primarily on the movant's diligence." *Fields v. Williams*, No. 217CV01725JADNJK, 2019 WL 1472100, at *1 (D. Nev. Apr. 3, 2019) (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000)); *see also Choate*, 2021 WL 230048, at *1.

Local Rule 26-3 requires that a motion or stipulation to extend deadlines also include:

(a) A statement specifying the discovery completed;

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d) A proposed schedule for completing all remaining discovery.

## II. ARGUMENT

### A. Discovery Completed

The Parties have completed the following discovery:

- Exchange of written initial disclosures (October 20, 2022);
- Exchange of documents identified in initial disclosures (more than 3,000 pages of documents) (Plaintiff: October 26, 2022) (Defendant: November 18, 2022);
- Defendant has propounded Requests for Production to each of the four Plaintiffs (November 11, 2022);
- Defendant has propounded Interrogatories to each of the four Plaintiffs (November 11, 2022);
- Defendant has issued subpoenas to 13 medical providers identified in Plaintiffs' initial disclosures (November 17, 2022) (Defendant received document production in response to subpoenas on November 30, 2022, December 1, 2022, December 6, 2022, December 7, 2022, December 8, 2022, December 12, 2022, December 13, 2022, December 20, 2022, December 27, 2022, and December 31, 2022).
- Plaintiffs have responded to Defendant's discovery requests (December 6, 2022).
- Defendant has engaged experts.
- Defendant's expert has conducted the independent medical examination of Plaintiff Mary Dolce (February 3, 2023).

### B. Discovery That Remains To Be Completed

Despite the Parties' diligence, the remaining items of discovery still need to be completed:

- Receipt of the totality of subpoenaed medical records (Defendant has responded to inquiries regarding production from subpoenaed parties, including on December 20, 2022 and January 3, 2023;
- Independent medical examinations of Plaintiffs other than Mary Dolce (Defendant communicated with Plaintiff's counsel regarding scheduling of IMEs for the Plaintiffs on January 6, 2023, January 9, 2023, January 10, 2023, January 12, 2023, January 16,

2023; January 20, 2023);

- Exchange of expert reports;
- Depositions of experts;
- Depositions of Plaintiffs;
- Depositions of Defendant's employees and representative(s) (The Parties communicated about such depositions on December 6, 2022, January 6, 2022, and February 3, 2023;
- Depositions of Plaintiffs' medical providers;

### C.    Reasons An Extension Is Needed

Despite the significant discovery that has been conducted—including initial disclosures, document production, written discovery, third party subpoenas, and negotiation of various discovery issues—the Parties respectfully submit that they cannot reasonably conduct the remaining discovery in order meet the current deadlines. "The discovery process in theory should be cooperative and largely unsupervised by the district court." *ProCare Hospice of Nevada, LLC v. OneCare Hospice, LLC*, 340 F.R.D. 174, 176 (D. Nev. 2021) (quoting *Sali v. Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018)). The Parties have been negotiating a number of discovery issues to avoid disputes that will render Court action necessary and respectfully submit that these negotiations constitute good cause to briefly extend the deadlines as requested.

For example, the Parties have been negotiating an agreeable time for Plaintiffs in this action to have independent medical examinations performed by Defendant's Expert. Plaintiff Mary Dolce's independent medical examination has been conducted. However, because Plaintiff Brian Dolce has recently started new employment, he has not been available to be physically examined at a time mutually agreeable for himself and Defendant's expert. The Parties anticipate that, with an appropriate extension, they can cooperatively schedule and proceed with Mr. Dolce's independent medical examination.

Additionally, the Parties have been attempting to negotiate resolution of a potential dispute regarding the examination of the other two Plaintiffs in this action. Without waiving their rights, the Parties are optimistic that they may potentially reach a stipulation—which they have

discussed—that may render the examinations of these Plaintiffs unnecessary. An appropriate extension would facilitate this negotiation. Even if the Parties are unable to reach an agreement, they believe that an extension will allow time to narrow the issue of the dispute if it is necessary to present the dispute to the Court.

Finally, the Parties are negotiating regarding Plaintiffs' request to conduct a deposition of an attorney that provided services to Defendant. The Parties have disagreements about such a deposition and its scope. However, the Parties, again without waiving their rights, are meeting and conferring regarding Plaintiffs' request and are hopeful that they can find a solution that would avoid a contentious and difficult deposition.

The Parties are not acting dilatorily; they have been and are diligently pursuing discovery, cooperating amicably, seeking to accommodate scheduling concerns, and attempting to reach resolution of potential discovery disputes. For example, it has taken a significant amount of time and effort to obtain production from the numerous medical providers at issue here. Defendant acted quickly, issuing these subpoenas in November of 2022. Yet, the responses to these subpoenas has continued into January of 2023. Logically, subpoena production of medical records would precede the medical examination and depositions of the Plaintiffs. The Parties have communicated frequently regarding the scheduling of medical examinations and depositions and this discovery has already begun. The Parties respectfully submit that the potential resolution of discovery disputes through the cooperation outlined above, and the discovery that remains despite the Parties' diligence, constitutes good cause to extend the deadlines. The Parties believe that a 60 day extension of the deadlines will give them sufficient time to address the needed issues and proceed with remaining discovery and motion practice.

D.     **Proposed Schedule**

The Parties propose the following revised schedule:

| Event | Current Deadline | Proposed New Deadline |
|---|---|---|
| Expert Disclosures | March 31, 2023 | May 30, 2023 |
| Rebuttal Expert Disclosures | April 30, 2023 | June 29, 2023 |
| Discovery Cut-Off Date | May 30, 2023 | July 31, 2023 |

| Dispositive Motion Deadline | June 29, 2023 | August 28, 2023 |
| Pretrial Order Deadline | July 29, 2023 | September 27, 2023 |

### III.   CONCLUSION

For the reasons stated above, the Parties respectfully request the Court enter an order extending the deadlines set by the Scheduling Order (Docket No. 14) by 60 days.

IT IS SO ORDERED:

NANCY J. KOPPE
United States Magistrate Judge

Dated: February 14, 2023

Dated:  February 13, 2023                    MAYNARD, COOPER & GALE, LLP

                                             */s/ Nicholas J. Boos*
                                       By:   NICHOLAS J. BOOS
                                             Attorneys for Defendant
                                             LIBERTY MUTUAL INSURANCE
                                             COMPANY

Dated:  February 13, 2023                    HALE INJURY LAW

                                             */s/ Christian N. Griffin*
                                       By:   CHRISTIAN N. GRIFFIN
                                             Attorneys for Plaintiffs